RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank M. Carey, | No. CV 09-8020-PCT-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's "Motion For Protective Injunction (Ex Parte)" (Doc. #13) and First Amended Complaint (Doc. #15) (Amended Complaint). The Court will deny the "Motion For Protective Injunction (Ex Parte)," dismiss Defendants Charles Ryan, Darla Elliot, and Clark from this action, dismiss Count II of the Amended Complaint, and call for an answer to Count I from Defendant Arizona Department of Corrections (ADOC).

**I.     Procedural Background**

On February 10, 2009, Plaintiff Frank M. Carey, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis) filed a *pro se* civil rights Complaint (Doc. #1) and a first Application to Proceed *In Forma Pauperis* (Doc. #3). On February 17, 2009, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #4), and, on March 3, 2009, Plaintiff filed a "Motion For Appointment Of Counsel" (Doc. #6).

**TERMPSREF**

By Order filed June 26, 2009 (Doc. #9), the Court denied the first Application to Proceed *In Forma Pauperis*, granted the second Application to Proceed *In Forma Pauperis*, assessed an initial partial filing fee of $31.75, denied Plaintiff's Motion, and dismissed the Complaint with leave to amend. On July 6, 2009, Plaintiff filed a "Motion For Extension Of Time" (Doc. #11), which the Court granted by Order filed July 16, 2009 (Doc. #12). Plaintiff was given until September 28, 2009, to file a first amended complaint.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

**III.    Amended Complaint**

On August 14, 2009, Plaintiff filed his Amended Complaint (Doc. #15). Plaintiff should take notice that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only those Defendants specifically named in the Amended Complaint.

Named as Defendants in the Amended Complaint are: (1) ADOC; (2) Charles Ryan, Director of the ADOC; (3) Darla Elliot, Warden, Arizona State Prison-Kingman (ASP-Kingman); and (4) Clark, Deputy Warden, ASP-Kingman. In Count I, Plaintiff claims that his rights under the ADA, 42 U.S.C. § 12132, were violated by the Defendants when he was discriminated against on the basis of his disability (paruresis). In Count II, Plaintiff claims that his Fourteenth Amendment right to equal treatment under the law was violated by Defendants ADOC and Charles L. Ryan when their inactions led to numerous disciplinary sanctions against Plaintiff. Plaintiff seeks a jury trial, injunctive relief, restoration of all rights and privileges, expungement of disciplinary convictions, reclassification, monetary damages, and reimbursement of the filing fee.

**IV.    Discussion**

**A.    Count I**

In Count I, Plaintiff claims that his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, were violated by the Defendants when he was discriminated against on the basis of his disability. Plaintiff alleges that Dr. Steven Soifer, of the International Paruresis Association, has diagnosed Plaintiff as having paruresis, which is categorized as a "social anxiety disorder/social phobia." Plaintiff claims that this is a disability within the definition of disability under the ADA, that on account of this disability he has been unable "to urinate while correctional officials are watching him try to produce a urine sample for drug testing," that he was "issued disciplinary sanctions" when he "was

unable to produce a urine sample," that these sanctions denied him services and programs, and that he has not been provided with "reasonable accom[m]odations" for his disability in the way of "alternative testing methods."

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must allege facts to support that he:

> (1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996). The ADA requires that the impairment substantially limit one or more of the individual's major life activities. 42 U.S.C. § 12112(a). "Major life activities" include "functions such as caring for oneself, performing manual tasks, walking, seeing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(I). As used in the ADA, a "public entity" is defined in part as "any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government. . . ." 42 U.S.C. § 12131.

Public entity as defined in the ADA does not include individuals. Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405 at *8 (E.D. Cal. Dec.1, 2005) (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999)); see Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA). The ADA is applicable in the *state* prison context. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1022-25 (9th Cir. 1997).

Liberally construed, Plaintiff has stated a claim under the ADA. Accordingly, the Court will call for an answer to Count I from Defendant ADOC. However, because state officials cannot be sued in their individual capacities to vindicate rights created by Title II

of the ADA, that Court will dismiss Plaintiff's claims in Count I against individual Defendants Charles Ryan, Darla Elliot, and Clark.

**B.     Count II**

In Count II, Plaintiff claims that his Fourteenth Amendment right to equal treatment under the law was violated by Defendants ADOC and Charles Ryan when their inactions led to numerous disciplinary sanctions against Plaintiff. Plaintiff alleges that Defendants ADOC and Ryan "through deliberate indifference and acts of omission did refuse medical care in the form of diagnosis and treatment to the Plaintiff who claims to have a medical disability."

The Eleventh Amendment does not bar an action for damages against the State when claims are brought in federal court pursuant to the ADA. See U.S. v. Georgia, 126 S.Ct. 877, 882 (2006); Burns-Vidlak v. Chandler, 165 F.3d 1257, 1260 n.6 (9th Cir. 1999) (citing Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997) ("Congress has unequivocally expressed its intent to abrogate the State's immunity [from suit in federal court] under both the ADA and the Rehabilitation Act.")). However, the same is not true for claims under 42 U.S.C. § 1983. "[A] state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, Plaintiff cannot bring his § 1983 claim in Count II against Defendant ADOC.

With regard to Plaintiff claim against Defendant Ryan in Count II, the Court notes that in order to state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Also, to state a claim against a state official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation, or that a state supervisory official was aware of the widespread abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. King, 814 F.2d at 568; see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).

1    There is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, and, therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Ivey, 673 F.2d at 268.

Plaintiff's allegations against Defendant Ryan in Count II are both conclusory and vague. Plaintiff has not described any specific conduct by Defendant Ryan that violated Plaintiff's constitutional rights and led to his injuries. Defendant Ryan is not liable for violations of Plaintiff's rights during incarceration simply because he is the Director of the ADOC. To the extent that Plaintiff is alleging that Defendant Ryan is liable for the actions of his employees, Plaintiff fails to state a claim because there is no liability under 42 U.S.C. § 1983 based on a theory of *respondeat superior*. See Monell, 436 U.S. at 691; West v. Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra, 723 F.2d at 680-81.

Accordingly, Count II will be dismissed for failure to state a claim upon which relief may be granted.

**V.   Dismissal of Defendants**

Because no claims remain against them, Defendants Charles Ryan, Darla Elliot, and Clark will be dismissed from this action for failure to state a claim upon which relief may be granted.

**VI.   Motion for Protective Injunction**

On August 14, 2009, Plaintiff filed a "Motion For Protective Injunction (Ex Parte)" (Doc. #13), in which he seeks a "protective injunction" ordering Defendant ADOC "to test

the Plaintiff for drug usage using alternative testing [] methods (other than urinalysis) while this case is being adjudicated." Plaintiff's Motion will be construed as seeking a preliminary injunction.

Whether to grant or deny a motion for a preliminary injunction is within the Court's discretion. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir. 1979). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Having liberally reviewed Plaintiff's Motion and his "Declaration In Support Of Plaintiff[']s Motion For Protective Injunction (Ex Parte)" (Doc. #14) (Declaration), the Court is of the opinion that Plaintiff has failed to show that he is currently subjected to a significant risk of irreparable injury. "Speculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction." Caribbean Marine Services Co., Inc. v. Baldrige, 844 F. 2d 668, 674-675 (9th Cir. 1988). To meet the "irreparable harm" requirement, a plaintiff must do more than merely allege imminent harm; he must demonstrate it. Id. at 674.

Plaintiff's alleges in his Declaration that he is threatened with irreparable harm because the denial of "alternative testing methods (blood, hair, saliva, dry cell)" subjects him to "retaliatory disciplinary action and discrimination" in violation of the ADA and that this "ongoing violation of his [c]onstitutional rights will continue during the period of time that the case is adjudicated." Plaintiff contends that "[a]s a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm." However, whether or not Plaintiff will be subjected to random drug testing after the Amended Complaint is served on the ADOC as required by this Order, and whether or not he will be denied alternative testing methods, is entirely speculative at this point. Even if this was to occur after service of the

1 Amended Complaint, Plaintiff could seek injunctive relief at that time. Therefore, the harm that Plaintiff seeks to enjoin in his Motion is not irreparable. Moreover, insofar as Plaintiff bases his allegation of irreparable harm on the ongoing violation of his constitutional rights, the Court notes that Plaintiff's claim under the Constitution is being dismissed by this Order.

Accordingly, Plaintiff's Motion will be denied without prejudice.

**VII. Warnings**

**A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's "Motion For Protective Injunction (Ex Parte)" (Doc. #13) is **denied without prejudice**.

(2) Defendants Charles Ryan, Darla Elliot, and Clark are **dismissed from this action** for failure to state a claim upon which relief may be granted.

(3) Count II of the Amended Complaint (Doc. #15) is **dismissed** for failure to state a claim upon which relief may be granted.

(4) Defendant ADOC **must answer** Count I of the Amended Complaint.

(5) The Clerk of Court **must send** to Plaintiff a service packet including the Amended Complaint (Doc. #15), this Order, and both summons and request for waiver forms for Defendant ADOC.

(6) Plaintiff **must complete and return** the service packet to the Clerk of Court within **20 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendant ADOC within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal **must retain** the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal **must notify** Defendant ADOC of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendant ADOC must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant ADOC within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

1         (a)    personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant ADOC pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

        (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)    **If Defendant ADOC agrees to waive service of the Summons and Amended Complaint, it must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)    Defendant ADOC **must answer** the Count I of the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)    This matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 12th day of January, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge