**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Carey,<br><br>        Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>        Defendants. | No. CV 09-8020-PHX-DGC (DKD)<br><br>**ORDER** |

Plaintiff Frank Carey brought this civil rights action under 42 U.S.C. § 1983 against the Arizona Department of Corrections (ADC) (Doc. # 15). Before the Court is Plaintiff's Motion for Preliminary Injunction (PI) (Doc. # 23), which is fully briefed (Doc. ## 25, 27). The Court will deny Plaintiff' motion without prejudice.

**I.    Background**

In his First Amended Complaint, Plaintiff presented one claim for relief against the ADC: that his rights under the Americans with Disabilities Act (ADA) were violated when he was discriminated against on the basis of his disability (paruresis)[1] (Doc. # 15 at 4-12).[2] Plaintiff alleged that paruresis prevents him from producing required urine samples in front

---

[1] Paruresis causes inhibit urination, especially in the presence of strangers. Stedman's Medical Dictionary (27th ed. 2000).

[2] Upon screening, the Court dismissed Charles Ryan, Darla Elliot, and Clark as Defendants (Doc. # 16 at 9).

of correctional officers for testing. Further, Plaintiff averred that ADC officials refuse to provide Plaintiff with reasonable accommodations for his disability in the way of alternative testing methods, which has resulted in numerous disciplinary sanctions and loss of privileges.[3]

## II. Plaintiff's Motion for PI

### A. Plaintiff's Contentions

Plaintiff renews his request for an Order to compel the ADC to provide Plaintiff with alternative drug testing methods as accommodations for his paruresis (Doc. # 23).[4] Plaintiff explains that on March 13, 2010, he was ordered to provide a urine sample (id. at 2). After the third unsuccessful attempt, Correctional Officer Jensen issued Plaintiff a disciplinary violation for testing positive for any drug, narcotic, stimulant, or depressant or refusal to submit to a urinalysis test. Plaintiff explains that on March 30, 2010, he met with Sergeant Combs, who provided Plaintiff with a copy of the disciplinary charge, which states that a hearing will be held no earlier than 48 hours after the delivery of the charge (id. at 2-3, 13). Plaintiff states that he was told a hearing was scheduled for April 1, 2010.[5] Plaintiff contacted his assigned correctional officer after a hearing had not taken place within one week. Plaintiff was subsequently informed that a disciplinary hearing was held in absentia and Plaintiff was found guilty (id. at 3). Plaintiff also asserts that he has never been given any documentation with respect to his guilty finding and, as a result, has not been able to appeal the decision (id. at 4).

Plaintiff argues that without court intervention, he will continue to suffer the effects

---

[3] The Court dismissed Count II—Plaintiff's equal protection claim—for failure to state a claim (Doc. # 16 at 9).

[4] Plaintiff's first request for injunctive relief was denied upon screening (Doc. # 16).

[5] According to records available on-line, Plaintiff was found guilty of having a positive urinalysis test or refusal to take a urinalysis test on March 30, 2010. See http://www.azcorrections.gov/inmate_datasearch/results_Minh.aspx?InmateNumber=130306&LastName=CAREY&FNMI=F&SearchType=Search. Consequently, it appears that Plaintiff was not present at the disciplinary hearing or provided an opportunity to respond to the charges against him.

of the wrongful disciplinary violation, including loss of good time credits, loss of privileges (weekly phone calls and visits), extra physical duty hours, and the continual increase of his custody level with every disciplinary violation (id. at 7-8). Additionally, Plaintiff contends that the balance of hardships tips in his favor because Defendant will not be inconvenienced by allowing Plaintiff to utilize dry cell or other testing measures. Indeed, Plaintiff alleges that while housed in the ADC Lewis facility, he was repeatedly permitted to provide a urine sample through dry cell testing (id. at 5).

Plaintiff requests that the Court issue an Order directing the ADC to utilize alternative drug testing methods for Plaintiff and to suspend all disciplinary action and sanctions with respect to his most recent disciplinary violation (id. at 11).

### B. Defendant's Response

Defendant responds that Plaintiff has not introduced any evidence to show that he has been diagnosed with paruresis, and thus has not established a likelihood of success on the merits (Doc. # 25). Defendant also argues that Plaintiff is actually seeking a mandatory injunction—which has a higher legal standard than a motion for preliminary injunction—because he is attempting to alter, rather than maintain, the status quo (id. at 2-3).

### C. Plaintiff's Reply

In reply, Plaintiff maintains that he has demonstrated a likelihood of success on the merits of his claim (Doc. # 27). In addition, Plaintiff contends that he has received another disciplinary violation for failure to submit to a drug test since the filing of his preliminary injunction motion. Plaintiff argues that, without Court intervention, he will continue to suffer irreparable injury from disciplinary violations, including lengthening his sentence (id. at 2).

## III. Legal Standard

To obtain a preliminary injunction, the movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008). A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless

the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. Sierra On-line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Further, a party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim); see also Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

**IV.    Analysis**

In his preliminary injunction motion, Plaintiff requests an order requiring Defendant to offer alternative drug testing methods as an accommodation for Plaintiff's paruresis and suspending all disciplinary actions and sanctions relating to Plaintiff's most recent disciplinary violation (Doc. # 23 at 11). Plaintiff's requests must be denied.

With respect to Plaintiff's request for alternative drug testing methods, Defendant correctly argues that there is no evidence in the record that Plaintiff has been diagnosed or treated for paruresis. In his reply, Plaintiff states that ADC does not have all of Plaintiff's medical records and, therefore, has not made a diagnosis (Doc. # 27 at 2). Without any evidence to demonstrate that Plaintiff suffers from paruresis, however, he cannot establish a likelihood of success on the merits of his underlying claim. See Winter, 129 S. Ct. at 374. Consequently, based on the limited record before the Court, Plaintiff is not entitled to preliminary injunctive relief in the form of alternative drug testing methods.

Plaintiff's request to suspend all disciplinary actions and sanctions must also be denied because the request presents a due process claim, which does not relate to Plaintiff's underlying ADA claim and therefore cannot form the basis of a motion for preliminary injunction. See Devose, 42 F.3d at 471. But even if the Court were to entertain Plaintiff's

due process claim, it could not grant relief because when success on a claim could potentially affect the duration of confinement, habeas corpus is the appropriate vehicle to seek relief; a civil rights action pursuant to § 1983 is not available unless and until the prisoner has obtained a "favorable termination" of the underlying disciplinary action. Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). The "favorable termination" rule has been extended to prison disciplinary actions when alleged due process defects, if established, would "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits." Edwards v. Balisok, 520 U.S. 641, 646 (1997); cf. Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (applying the "favorable termination rule" in challenge to parole revocation). Thus, where success in a prisoner's action would decrease the length of his sentence, a § 1983 claim is not cognizable until the disciplinary conviction has been invalidated. Therefore, Plaintiff must seek review of the disciplinary proceedings and obtain a "favorable termination" before he may seek relief pursuant to § 1983.

To challenge disciplinary proceedings, a prisoner may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the "exclusive vehicle" for a state prisoner to seek relief from an administrative decision in federal court. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Before a federal court may grant habeas relief, however, a prisoner must first have exhausted remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court may not consider a claim until petitioner has properly exhausted all available remedies). When seeking habeas relief, the burden is on the habeas petitioner to show that he has properly exhausted each claim. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam).

Plaintiff indicates that he has not challenged his disciplinary conviction in state courts. To exhaust claims, however, a prisoner must give the state courts a "fair opportunity" to act on his claims. Castillo v. McFadden, 370 F.3d 882 (9th Cir. 2004). He must describe both

the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim." Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). A prisoner seeking to exhaust claims in state court before filing a federal habeas action should diligently pursue his available state remedies to avoid application of the one-year limitation period. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (applying § 2244(d) to a habeas petition challenging a disciplinary order).

Plaintiff appears to have an available remedy in state court to exhaust his claims challenging the disciplinary proceedings prior to filing a federal habeas corpus petition. Although Arizona's Administrative Review Act does *not* authorize state judicial review of prison disciplinary proceedings, an inmate may seek such review by bringing a special action in superior court. Rose v. Arizona Dep't of Corr., 804 P.2d 845, 847-50 (Ariz. Ct. App. 1991). If unsuccessful, the inmate must then appeal the superior court's ruling to the Arizona Court of Appeals to exhaust his claims before seeking federal habeas relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).

For the above reasons, the Court will deny Plaintiff's preliminary injunction motion without prejudice.

**IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. # 23), and the motion is **denied without prejudice**.

DATED this 1st day of June, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge